IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>JOSEPH DEAN LIRA,<br><br>Defendant/Movant. | Cause No. CR 10-135-BLG-DWM<br>CV 15-091-BLG-DWM<br><br>ORDER |

On March 18, 2021, the Court denied in part and granted in part Defendant/Movant Lira's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. The motion was granted as to his sentence but denied as to his conviction. *See* Order (Doc. 217) at 26 ¶ 1. Lira has now been resentenced. This Order is the final order in the § 2255 proceeding.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Although Lira did not prevail with respect to his conviction, he succeeded in showing substance in his claim. The United States did indeed fail to disclose evidence that should have been disclosed. Last fall, in another case involving the conduct of former Assistant United States Attorney James Seykora, the Court of Appeals granted a certificate of appealability based in part on the question of "whether the government violated appellant's right to due process by intentionally withholding impeachment information regarding a cooperating witness." Order at 1, *United States v. Maldonado*, No. 20-35482 (9th Cir. Oct. 29, 2020).

"[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Buck v. Davis*, __ U.S. __, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 338). Lira meets that standard with respect to the validity of his conviction. The Court will grant a certificate of appealability as described below.

Accordingly, IT IS ORDERED:

1. A certificate of appealability is GRANTED as to two questions:

(A)  whether the government violated appellant's right to due process by intentionally withholding impeachment information regarding a cooperating witness; and

    (B)    whether Lira showed adequate prejudice to warrant vacating his conviction.

2. The clerk shall close the civil file by entering judgment in favor of the United States and against Lira as to the conviction and in favor of Lira and against the United States as to the sentence.

DATED this 27th day of May, 2021.

Donald W. Molloy, District Judge
United States District Court