PROB 12C
Rev 01-17

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MONTANA
## Petition for Warrant for Offender Under Supervision

**Name of Offender:** Joseph Dean Lira  **Docket Number:** 0977 1:10CR00135-001

**Name of Sentencing Judicial Officer:**  THE HONORABLE DONALD W. MOLLOY
UNITED STATES DISTRICT JUDGE

**Date of Original Sentence:** 11/9/2011

**Original Offense:** 21:841C=CD.F; CONTROLLED SUBSTANCE - SELL - DISTRIBUTE - OR DISPENSE; 18:924C.F; VIOLENT CRIME/DRUGS/MACHINE GUN; 21:841A=CD.F; CONTROLLED SUBSTANCE - SELL - DISTRIBUTE - OR DISPENSE; 18:2.F; PRINCIPALS

**Original Sentence:** 382 months Bureau of Prisons, to be followed by 60 months supervised release

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** 05/20/2022

**Assistant U.S. Attorney:** Brendan P. McCarthy
2601 Second Avenue North, Suite 3200, Billings, MT 59101, 406-247-4656

**Defense Attorney:** Lisa Bazant
Attorney At Law, PO Box 1832, Billings, MT 59103, 406-696-2197

## PETITIONING THE COURT

### Background

On 11/10/2011, the defendant appeared for sentencing before The Honorable Richard F. Cebull, United States District Judge, having been found guilty to the offenses of Possession with Intent to Distribute Methamphetamine, Distribution of Methamphetamine and Use or Carry and Possession of Firearms During and Relation to and in Furtherance of a Drug Trafficking Offense. The offense involved the defendant and others conspiring to distribute between 500 grams and 1.5 kilograms of methamphetamine. At the time of his arrest, the defendant was located hiding in a closet where officers also found a loaded 9mm Smith and Wesson handgun. The defendant was originally sentenced to 382 months custody, consisting of 262 months on each of Counts I, II and III, concurrent, and 120 months on Count IV, consecutive.

On 08/02/2013, the Ninth Circuit Court of Appeals issued an order vacating the District Court's Judgment and remanded for re-sentencing. On 11/19/2013, the defendant appeared before The Honorable Donald W. Molloy and was re-sentenced to a term of 322 months custody, consisting of 262 months on Counts I through III, concurrent, and 60 months on Count IV, consecutive. On 11/28/2017, the defendant's sentence of 322 months was further reduced pursuant to 18 U.S.C.

3582(c)(2) (782 motion), to 270 months.

On 03/18/2021, Judge Molloy issued an order granting both a re-sentencing hearing and a supplemental presentence investigation report based on a 2255 motion. On 05/27/2021, the defendant appeared before Judge Molloy, and was re-sentenced to a total term of imprisonment of 160 months, consisting of 100 months on Counts II and III, concurrent, and 60 months on Count IV, consecutive.  The defendant began his term of supervised release on 05/20/2022.

On 08/30/2022, a Report on Offender Under Supervision was submitted to the Court indicating the defendant violated conditions of supervised release by continued use of methamphetamine and failure to attend a treatment session. The defendant agree to enroll in an eight-week intensive outpatient substance abuse treatment program, followed by 12 weeks of aftercare. He was instructed to avoid contact with known drug users or individuals he believed to be under the influence. The Court agreed with the recommendation and no formal action was taken.

On 03/10/2023, a non-compliance meeting was held with the defendant and United States Probation Officer (USPO) Rochelle Petri.  The defendant was advised the purpose of the meeting was to bring him back into compliance with his conditions of release.  The defendant admitted consuming alcohol, entering casinos and having continued contact with Kerry VanHaele, a convicted felon, while a resident at the Billings Residential Reentry Center from 05/20/2022 to 02/19/2023. As a result, he was referred to Moral Reconation Therapy (MRT) and instructed to not have in person contact with VanHaele. The defendant was also advised the frequency of random testing would be increased and that further violations could result in adverse action.

The probation officer believes the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition:** You must participate in a program for mental health treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment, depending on your ability to pay, as directed by the probation officer. |
| | **Special Condition:** You must participate in and successfully complete a program for substance abuse treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment, depending upon your ability to pay, as directed by the probation officer. |
| | On 07/08/2022, the defendant failed to attend a scheduled individual co-occurring treatment session at Alternatives, Inc. |
| | On 12/14/2022, the defendant failed to attend a scheduled aftercare treatment group at Alternatives, Inc. |

| | |
|---|---|
| 2 | **Mandatory Condition:** The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. |
| | On 08/19/2022, the defendant submitted a urinalysis test at Alternatives, which revealed positive results for methamphetamine. The sample was sent to Abbott Toxicology and was confirmed positive. The defendant signed an Admission of Use Form, indicating he ingested methamphetamine on 08/19/2022 and 08/25/2022. |
| 3 | **Special Condition:** You must abstain from the consumption of alcohol and are prohibited from entering establishments where alcohol is the primary item of sale. You must not knowingly enter or stay in any dwelling or house where there is the active or ongoing use, abuse or consumption of alcohol or controlled substances without the prior written approval of the probation officer. You must not knowingly enter any automobile where a person possesses or is consuming alcohol or controlled substances. You must not have any controlled substances that are not prescribed by a licensed medical doctor and supplied by a licensed medical pharmacy. |
| | On 03/09/2023, during a home contact, the defendant submitted to a urinalysis test, which revealed positive results for alcohol. The defendant signed an Admission of Use Form, stating he consumed alcohol on 03/09/2023 at the Bayou Casino. The defendant also reported he had been frequenting bars and casino's weekly for approximately three weeks. |
| 4 | **Standard Condition:** You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer. |
| | On 03/09/2023, during a home contact, the defendant informed USPO Petri he had been associating with and married Karry VanHaele, a convicted felon. The defendant informed USPO Petri, he has been associating with VanHaele since returning to Billings. |
| 5 | **Special Condition:** You must participate in substance abuse testing to include not more than 180 urinalysis tests, not more than 180 breathalyzer tests, and not more than 18 sweat patch applications annually during the period of supervision. You must pay part or all of the costs of testing as directed by the probation officer. |
| | On 03/23/2023, the defendant submitted to a random urinalysis test with Alternatives Inc. The sample was sent to Abbott Toxicology for further analysis. On 03/29/2023, it was determined the defendant attempted to interfere with urinalysis testing as the urine specimen submitted on |

03/23/2023, was designated invalid and not consistent with normal human urine-creatinine.

**AFFIDAVIT AND PETITION PRAYING THAT THE COURT WILL ORDER A WARRANT BE ISSUED**

In conformance with the provision of 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge. Based on the information presented that the offender has violated conditions of supervision, I am petitioning the Court to issue a warrant.

| Reviewed | Respectfully Submitted |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Martin Hylland | Rochelle Petri |
| Supervising United States Probation Officer | United States Probation Officer |
| Date: 04/12/2023 | Date: 04/12/2023 |

### ORDER OF COURT

I find there is probable cause to believe the offender has violated conditions of supervision, supported by the above affirmation given under penalty of perjury. The Court orders the issuance of a warrant. Considered and ordered this 13th day of April, 2023, and ordered filed **UNDER SEAL** and made a part of the records in the above case.

IT IS FURTHER ORDERED that upon notification to the Clerk of Court's Office that the above named Defendant has been taken into custody, the Petition for Warrant or Summons for Offender Under Supervision shall be unsealed.

_____
Donald W. Molloy, District Judge
United States District Court

_____
04/13/2023
Date