IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH DEAN LIRA,<br><br>Defendant. | CR 10-135-BLG-DWM-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Molloy referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc 235).

On May 11, 2023, the Court conducted the final revocation hearing. Defendant admitted all violations except Violation No. 5. The United States then moved to dismiss Violation No. 5. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to time served, followed by 59 months of supervised release.

**I.      Background**

In July 2011, a jury found Defendant guilty of the offenses of possession with intent to distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and using and/or carrying or possessing firearms during and in relation

1

to or in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Doc. 75.)  On November 10, 2011, the Court sentenced him to 382 months imprisonment, to be followed by 5 years supervised release.  (Doc. 86.)  On November 19, 2013, Defendant was re-sentenced to 322 months.  (Doc. 118.)  On November 28, 2017, Defendant's sentence was further reduced to 270 months.  (Doc. 166.)

On May 27, 2021, the Court re-sentenced Defendant to 160 months, to be followed by 5 years supervised release.  (Doc. 221.)  Defendant began serving his term of supervised release on May 20, 2022.  (Doc. 228.)

On April 13, 2023, the United States Probation Office filed the petition now at issue.  (Doc. 228.)  The petition alleges that Defendant violated 5 conditions of supervised release, providing a brief explanation of each violation.  *Id*.  Based on the petition, Judge Molloy issued a warrant for Defendant's arrest.  (Doc.  229.)

Defendant was arrested pursuant to the warrant, and made an initial appearance on April 25, 2023.  (Doc. 230.)   Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing.  *Id.*  The Court released Defendant pending the final revocation hearing.  *Id.*

II.     **Final Revocation Hearing**

Defendant appeared at the revocation hearing on May 11, 2023.  The undersigned explained the Findings and Recommendations procedure to

Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Molloy prior to imposition of his sentence. After consenting to proceed, Defendant admitted all of the violations as alleged in the petition, except for Violation No. 5. The United States moved to dismiss Violation No. 5.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is IV, and the underlying offenses are class A and B felonies. Under those circumstances, the statutory maximum sentence is 60 months incarceration, and the United States Sentencing Guidelines provide for 6-12 months incarceration. Defendant could also be sentenced to as much as 60 months supervised release, less any incarceration time imposed.

Defendant's counsel requested a sentence of time served. The United States requested a sentence of time served and 59 months supervised release.

III.  **Analysis**

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to time served followed by 59 months supervised release.

The sentence recommended is below the advisory revocation range. In making that recommendation, the Court has considered those factors set forth in 18

3

§ 3553 which have been incorporated in 18 USC § 3583(e), including the nature and circumstances of the violations, and the history and characteristics of the defendant. Defendant has been on supervised release for almost 1 year. He has accumulated four violations in that time but they are all grade C violations, with only one prior positive test for illegal controlled substances that occurred in August 2022.

    Despite these violations, Mr. Lira has progressed in other areas. Prior to being on supervised release, Mr. Lira had been in custody for over a decade, and he has accomplished several things since his release to reestablish himself into society and this community. He has a stable residence, and assists with the care of his minor son. He has obtained steady employment and the earned the support of his employer, who provided a letter to the Court stating Defendant is a very reliable, valued employee. (Doc. 239-1.)

    The Court has also considered Mr. Lira's need for treatment and counseling. He has established a treatment relationship with a Licensed Clinical Social Worker and Licensed Addiction Counselor, who also provided a letter of support stating that Mr. Lira has been diligent in his treatment and motivated to benefit from his counseling. (*Id.*) He will also benefit from other programing established by the U.S. Probation Office, including his ongoing moral recognition therapy.

Based on these factors, the recommended sentence is sufficient, but not greater than necessary, to comply with the sentencing goals in the applicable provisions of § 3553(a)(2).

## IV. Conclusion

Defendant was advised that the above sentence would be recommended to Judge Molloy, and reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance. He was also reminded that he has the right to appear and allocute before Judge Molloy prior to the imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the conditions of his supervised release that he participate in a program for mental health treatment, not unlawfully possess or use a controlled substance, abstain from the consumption of alcohol and not enter establishments where alcohol is the primary item of sale, and not communicate or interact with someone who has been convicted of a felony, as alleged in Violations Nos. 1-4 in the Petition.

Accordingly, **IT IS RECOMMENDED** that:

1. The Court should revoke Defendant's supervised release and sentence Defendant to time served, followed by a 59-month term of supervised release.

2. The Court should grant the United States' motion to dismiss Violation No. 5.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Molloy will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Molloy may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a *de novo* determination by Judge Molloy, and may waive the right to appear and allocute before Judge Molloy.

DATED this 11th day of May, 2023.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge