IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH DEAN LIRA,<br><br>Defendant. | CR 10-135-BLG-DWM-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. U.S. District Judge Molloy referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 253.)

On February 29, 2024, the Court conducted the final revocation hearing. Defendant admitted all violations, except the second alleged violation under Violation No. 2. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to time served, followed by 57 months of supervised release.

**I.      Background**

In July 2011, a jury found Defendant guilty of the offenses of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; distribution of methamphetamine in violation of 21 U.S.C. §

1

841(a)(1); and using and/or carrying or possessing firearms during and in relation to or in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Doc. 75.) On November 10, 2011, the Court sentenced him to 382 months imprisonment, to be followed by 5 years supervised release. (Doc. 86.) On November 19, 2013, Defendant was re-sentenced to 322 months. (Doc. 118.) On November 28, 2017, Defendant's sentence was further reduced to 270 months. (Doc. 166.)

On May 27, 2021, the Court re-sentenced Defendant to 160 months, to be followed by 5 years supervised release. (Doc. 221.) Defendant began serving his first period of supervised release on this sentence on May 20, 2022. (Doc. 228.)

On May 30, 2023, Defendant's supervised release was revoked for failure to attend mental health treatment, use of methamphetamine, consumption of alcohol, and prohibited contact with a convicted felon. (Doc. 242.) He was sentenced to a custodial sentence of time served, followed by 59 months supervised release. (Doc. 243.) Defendant began his current term of supervised release on May 30, 2023.

On November 13, 2023, the United States Probation Office filed the petition now at issue. (Doc. 246.) The petition alleges that Defendant violated two conditions of supervised release, and provides a brief explanation of each violation. / / /

(*Id.*)  Based on the petition, Judge Molloy issued a warrant for Defendant's arrest. (Doc. 247.)

On February 12, 2024, Defendant was turned over to United States Marshals Service detainer.  On February 13, 2023, Defendant made an initial appearance. (Doc. 249.)  Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing.  (*Id.*)  The Court set the final revocation hearing for February 29, 2024.  (Doc. 254.)  Following a detention hearing on February 22, 2024, Defendant was released on conditions pending the final revocation hearing. (Doc. 258.)

**II.     Final Revocation Hearing**

Defendant appeared at the revocation hearing represented by Edward Werner.  Benjamin Hargrove represented the United States.  The undersigned explained the findings and recommendations procedure to Defendant, including his right to object to the findings and recommendations, and the right to appear and allocute before Judge Molloy prior to final imposition of sentence.  After consenting to proceed, Defendant admitted all of the violations as alleged in the petition, except for the second alleged violation under Violation No. 2, regarding Defendant being charged with felony assault on November 10, 2023.

Following his admission to the remaining violations, Counsel for the United States moved to dismiss the second alleged violation in Violation No. 2.

3

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is IV, and the underlying offenses are class A and B felonies. Under those circumstances, the statutory maximum sentence is 60 months incarceration, and the United States Sentencing Guidelines call for 6–12 months incarceration. Defendant could also be sentenced to as much as 60 months supervised release, less any incarceration time imposed. Counsel for the United States and Defendant's counsel agreed with those calculations.

Counsel for the United States requested a sentence of incarceration and 57 months supervised release. Defendant's counsel requested a sentence of time served, to be followed by a term of 50 months supervised release.

## III. Analysis

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to time served, followed by 57 months supervised release on Counts II, III, and IV, to run concurrently.

This petition was filed after Defendant was arrested and charged with felony assault in Montana state district court, as alleged in the second violation under Violation No. 2. That charge in state court has since been dismissed, and the United States has moved to dismiss that violation in the current petition.

The remaining violations in the petition had previously been addressed by the U.S. Probation Office. As set forth in the petition, Defendant's failure to attend moral recognition therapy group sessions and his receipt of a traffic violation had previously been brought to the Court's attention, and it was recommended at that time that no formal action be taken. (Doc. 246 at 2.) Those violations are now the only remaining violations in the current petition. The violations have been addressed, and Defendant has resumed individual counseling sessions in place of moral recognition group therapy.

Therefore, pursuant to the Sentencing Reform Act of 1984, and after considering the factors enumerated in 18 U.S.C. § 3553(a), the undersigned finds that a sentence of time served, followed by 57 months of supervised release, is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

## IV. Conclusion

Defendant was advised that the above sentence would be recommended to Judge Molloy, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance. He was also reminded that he has the right to appear and allocute before Judge Molloy prior to final imposition of sentence.

/ / /

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the special condition that he must participate an outpatient program for mental health treatment when he failed to attend moral recognition therapy group sessions at Alternatives Inc. on June 7, 2023, June 14, 2023, June 21, 2023, September 6, 2023, and September 13, 2023.

2. Defendant violated the special condition that he must not commit another federal, state, or local crime, when he received a misdemeanor traffic citation for speeding on October 6, 2023, and paid a $40.00 fine.

Accordingly, **IT IS RECOMMENDED** that:

1. The Court should revoke Defendant's supervised release, and sentence Defendant to time served, followed by a 57-month term of supervised release.

2. The United States' motion to dismiss the second alleged violation of Violation No. 2 should be granted.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Molloy will make a *de novo*

determination regarding any portion of the Findings and Recommendations to which objection is made.  Judge Molloy may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Molloy, prior to the Court's action on the Findings and Recommendations.  *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 1st day of March, 2024.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge